# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Danielle Abel, individually and on behalf of all others similarly situated, and the proposed Minnesota Rule 23 Class,<br><br>    Plaintiffs,<br><br>v.<br><br>Pathway Health Services, Inc.,<br><br>    Defendant. | Case No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff Danielle Abel ("Plaintiff Abel"), individually and on behalf of the proposed FLSA Collective and Minnesota Rule 23 Class, by and through her attorneys, Nichols Kaster, PLLP, brings this action against Defendant Pathway Health Services, Inc. ("Defendant") for damages and other relief for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Minnesota Payment of Wages Act ("MWPA"). Plaintiff states the following as her claims against Defendant:

## PRELIMINARY STATEMENT

1. This case is about Defendant's unlawful pay practice that failed to pay its employees for all of their hours worked in violation of the FLSA and Minn. Stat. § 181.101.

2. As detailed below, Defendant employs consultants (also known as "nurse consultants") in locations across the country including in Minnesota, and pays them on an hourly basis.

3. Defendant does not pay its consultants for all of the hours they work. Instead, Defendant pays consultants according to the number of hours they are allowed to complete the project or the hours scheduled per week pursuant to its project sheets.

4. As a result of this practice, Defendant did not pay consultants for time they spent on work activities such as: (1) preparing for projects and meeting with clients; (2) participating in planning calls; (3) completing weekly project sheets and time entry; (4) participating in trainings; (5) attending meetings and conferences; (6) scheduling and organizing travel; and (7) participating in quarterly check-ins and/or on phone calls with Pathway Directors.

5. As a result of Defendant's intentional and illegal pay practice, consultants were deprived of their straight time and overtime compensation for their hours worked in violation of Minnesota state law and federal law.

6. Plaintiff Abel brings this proposed collective and class action against Defendant on behalf of all individuals who worked for Defendant as consultants or nurse consultants in Minnesota and elsewhere at any time since three years prior to the filing of this Complaint through the present.

7. Defendant has willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of Plaintiff Abel, those similarly situated, and members of the proposed Minnesota Rule 23 Class.

## PARTIES

8. Plaintiff Danielle Abel is an adult resident of the State of Minnesota.

9. Plaintiff Abel worked for Defendant as a consultant from approximately April 27, 2018 to March 2, 2020.

10. Defendant Pathway Health Services, Inc. ("Pathway") is a domestic corporation with its principal place of business in Lake Elmo, Minnesota.

11. According to its website, Pathway is "an independently owned, nationally recognized consulting company" that provides "consulting services to long term health care, senior housing, assisted living, home care, and hospice."

12. Pathway employed or employs consultants in various locations throughout the United States including in Arkansas, California, Minnesota, Kansas, Texas, New Hampshire, Maryland, Washington, DC, and Illinois.

13. At all relevant times, Defendant's gross annual sales made or business done has been $500,000 or greater per year.

## JURISDICTION AND VENUE

14. This action arises under the FLSA, 29 U.S.C. § 201 *et seq*. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

15. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

16. Venue is proper in the United States District Court, District of Minnesota, pursuant to 28 U.S.C. § 1391, because Defendant resides in this District and because the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

17. Defendant contracts with long-term care and post-acute care providers to provide management, consulting, and educational and training services.

18. Plaintiff Abel, the proposed FLSA Collective, and members of the proposed Minnesota Rule 23 Class worked or work for Defendant as consultants or nurse consultants (hereinafter together "consultants") within the past three years.

19. Defendant classifies its consultants as non-exempt employees and pays them on an hourly basis.

20. Plaintiff Abel, the FLSA Collective, and members of the proposed Minnesota Rule 23 Class were not paid for all of their hours worked, including overtime hours.

21. Specifically, Defendant has a policy or practice of paying consultants only for the hours they are allowed to complete a project or the hours scheduled per week according to a project sheet, rather than all of the hours they worked.

22. For example, Plaintiff Abel was not paid for the times she spent completing the following work activities, which included but were not limited to: (1) preparing for projects and meeting with clients; (2) participating in planning calls; (3) completing weekly project sheets and time entry; (4) participating in trainings; (5) attending meetings and conferences; (6) scheduling and organizing travel; and (7) participating in quarterly check-ins and/or on phone calls with Pathway Directors.

23. For consultants, Defendant's Employee Handbook specifically states that "[e]mployees are paid, and clients are billed from the project assignment sheet." The handbook also provides that "[t]he project sheet will define the project scope, assignment

location, number of hours allowed to complete the project or hours scheduled per week . . . ."

24. Defendant's failure to pay their consultants for all their time worked resulted in a failure to pay straight time wages for hours under 40 and overtime wages for hours over 40 in a workweek.

25. Defendant failed to maintain accurate records of the hours Plaintiff and the other consultants worked.

26. Defendant's pattern and practice of not paying consultants for all of their hours worked was willful.

27. Plaintiff Abel complained to her supervisor Karolee Alexander on or about February 5, 2020, about Pathway's policy of not compensating consultants all of the hours they worked, specifically for the time she spent preparing for projects and meetings with clients.

28. In response, Ms. Alexander explained that it was a "touchy" subject, this issue had come up in the past, and Plaintiff Abel was not the first to raise this concern.

29. Plaintiff Abel also spoke with both Donna Webb and Defendant's CEO Peter Schuna about Defendant's policy of not paying consultants for all of the hours they worked. In response, Ms. Webb acknowledged Defendant's practice of not paying consultants for the time they spent on the work activities identified above. Mr. Schuna likewise acknowledged Defendant's policy of not paying for these work activities and then commented that Pathway would need to increase its consulting rates to its clients if it paid consultants for this time.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiff Abel re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

31. Plaintiff Abel brings Counts I below individually and on behalf of all individuals similarly situated, specifically:

> All persons who worked as consultants or nurse consultants for Defendant at any time since three years prior to the filing of this Complaint (the proposed "FLSA Collective").

Plaintiff Abel's written consent and the written consent(s) of other similarly situated employee(s) is attached as Exhibit A.

32. Plaintiff Abel and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.*, and that have caused significant damage to Plaintiff and the FLSA Collective.

33. During the applicable statutory period, Plaintiff Abel and the other similarly situated consultants routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation.

34. For example, during the workweek ending December 14, 2019, Plaintiff Abel estimates that she worked approximately 49 hours and was not paid overtime compensation for her overtime hours.

35. Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, failing to pay employees proper overtime compensation.

36. Defendant is liable under the FLSA for failing to properly compensate Plaintiff Abel and others similarly situated, and, as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

## MINNESOTA RULE 23 CLASS ACTION ALLEGATIONS

37. Plaintiff Abel re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

38. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Count II individually and on behalf of the following:

> All individuals who worked as consultants or nurse consultants for Defendant at any time in Minnesota since three years prior to the filing of this Complaint (the proposed "Minnesota Rule 23 Class").

39. The persons in the Minnesota Rule 23 Class are so numerous that joinder of all members of the proposed Minnesota Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, Defendant has employed in excess of forty (40) individuals as consultants during the applicable statute of limitations period. Plaintiff and the proposed Minnesota Rule 23 Class have been equally affected by Defendant's violations of law.

40. There are questions of law and fact common to the proposed Minnesota Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Minnesota Rule 23 Class, including but not limited to the following:

    a. Whether Defendant violated Minnesota law by failing to pay current and former consultants for all wages earned;

    b. Whether Defendant failed to comply with the requirements of Minn. R. 5200.0120, sub. 1;

    c. The proper measure and calculation of damages; and

    d. Whether Defendant's actions were willful or in good faith.

41. Plaintiff Abel's claims are typical of those of the members of the Minnesota Rule 23 Class. Plaintiff Abel, like the other members of the proposed Minnesota Rule 23 Class, were subject to Defendant's practices and policies described in this Complaint.

42. Plaintiff Abel will fairly and adequately protect the interests of the proposed Minnesota Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

43. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in

inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

44. Plaintiff Abel intends to send notice to all members of the proposed Minnesota Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### COUNT I—OVERTIME
**(Fair Labor Standards Act, 29 U.S.C. § 201, et seq.)**
*On Behalf of Plaintiff Abel and the FLSA Collective*

45. Plaintiff Abel, individually, and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

46. The FLSA, 29 U.S.C. § 207, requires employers to pay their employees for hours worked in excess of forty (40) in an individual work week at a rate no less than one and one-half times their regular hourly rate of pay.

47. At all relevant times, Plaintiff Abel and others similarly situated were employees within the meaning of 29 U.S.C. § 203(e)(1).

48. At all relevant times, Pathway has been an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

49. Plaintiff Abel and the FLSA Collective, at times, worked more than forty (40) hours per week for Defendant and were not compensated for all of their overtime hours worked.

50. By failing to pay proper overtime, Defendant violated the FLSA.

51. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

52. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Abel and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff Abel and the FLSA Collective are entitled to damages, liquidated damages, attorneys' fees, and costs incurred in connection with this claim.

### **COUNT II - VIOLATION OF THE MINNESOTA PAYMENT OF WAGES ACT**
*On Behalf of Plaintiff Abel and the Proposed Minnesota Rule 23 Class*

52. Plaintiff Abel, individually and on behalf of the proposed Minnesota Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

53. Plaintiff Abel and members of the proposed Minnesota Rule 23 Class are current and former employees of Defendant within the meaning of Minn. Stat. § 181.101.

54. Defendant is or was Plaintiff Abel's and the proposed Minnesota Rule 23 Class's employer within the meaning of Minn. Stat. § 181.171(4).

55. Minn. Stat. § 181.101 requires every employer to pay all wages earned by an employee at least once every 31 days on a regular payday designated in advance by the employer regardless of whether the employee requests payment at longer intervals.

56. For purposes of Minn. Stat. § 181.101, wages are earned on the day an employee works and Minn. Stat. § 181.101 provides a substantive right for employees to the payment of wages, including salary, earnings, and gratuities, as well as commissions, in addition to the right to be paid at certain times.

57.  Minn. Stat. § 181.13 provides that when an employer discharges an employee, the wages or commissions actually earned and unpaid at the time of the discharge are immediately due and payable.

58.  Minn. Stat. § 181.14 provides that when an employee quits or resigns employment, the wages or commissions earned and unpaid at the time the employee quits or resigns must be paid in full no later than the next regularly scheduled payday.

59.  Defendant, pursuant to its pay practice, refused and failed to pay the Plaintiff and the proposed Minnesota Rule 23 Class for all of their hours worked.

60.  By failing to properly compensate Plaintiff and the proposed Minnesota Rule 23 Class, Defendant violated, and continues to violate consultants' statutory rights under Minn. Stat. §§ 181.101, 181.13, and 181.14.

61.  Defendant's actions were willful and not the result of mistake or inadvertence.  *See* Minn. Stat. § 541.07(5).

62.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff Abel and the proposed Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

63.  Plaintiff Abel and the proposed Minnesota Rule 23 Class seek damages in the amount of their unpaid straight-time wages for all hours worked, reasonable attorneys' fees and costs for this action, pre- and post-judgment interest, and such other legal and equitable relief as the Court deems proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Abel, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant for an amount equal to Plaintiff Abel's and the similarly situated employees' unpaid back wages at the applicable overtime rates;

c) A finding that Defendant's violations of the FLSA are willful;

d) An amount equal to Plaintiff Abel's and those similarly situated employees' damages as liquidated damages;

e) All costs and attorneys' fees incurred prosecuting this claim;

f) An award of any pre- and post-judgment interest;

g) Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

h) All further relief as the Court deems just and equitable.

**WHEREFORE**, Plaintiff Abel as a class representative, individually and on behalf of the proposed Minnesota Rule 23 Class, prays for relief as follows:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Minnesota Rule 23 Class, and the appointment of Plaintiff Abel as a class representative and her counsel as class counsel;

b) Judgment against Defendant for an amount equal to Plaintiff Abel's and the proposed Minnesota Rule 23 Class' unpaid wages;

c) For judgment that Defendant's conduct as described herein be determined and adjudicated to be in violation of the Minnesota Payment of Wages Act;

d) A finding that Defendant's violations are willful;

e) All costs and attorneys' fees incurred prosecuting this claim;

f) An award of any pre- and post-judgment interest;

g) Any applicable liquidated damages; and

h) All further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Abel, those similarly situated, and members of the proposed Minnesota Rule 23 Class demand a trial by jury.

Dated: June 4, 2020                            **NICHOLS KASTER, PLLP**

s/ Rachhana T. Srey
Rachhana T. Srey, MN Bar No. 340133
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone (612) 256-3200
Fax (612) 215-6870
srey@nka.com

ATTORNEYS FOR PLAINTIFFS