UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Danielle Abel, individually and behalf of all others similarly situated, | Civ. No. 20-1307 (PAM/LIB) |
| Plaintiff, | **ORDER** |
| v. | |
| Pathway Health Services, Inc., | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Unopposed Motion for Rule 23 Class Action Certification and for Preliminary Approval of the Settlement.  (Docket No. 57.) Plaintiffs filed an executed copy of the Stipulation and Settlement Agreement and a copy of the proposed Class Notice along with the Motion.  The Court held a hearing on the Motion on June 8, 2022.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion (Docket No. 57) is **GRANTED** and the settlement contained in the Stipulation and Settlement Agreement is **PRELIMINARILY APPROVED**.

2. Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies the following Minnesota Rule 23 Settlement Class for purposes of settlement.

   <u>The MN Rule 23 Settlement Class</u>:  All individuals who Defendant's records reflect performed work for Defendant in Minnesota as a nurse consultant or consultant during the applicable statute of limitations period who do not timely opt out of the settlement within the time specified in the Notice of Settlement.

3. The Court finds, for settlement purposes only, that the requirements of Rule 23(a) and Rule 23(b) are satisfied, with the exception of the requirements of Rule 23(b)(2), which the Court need not address for purposes of settlement.

4. Because Plaintiff Abel's interests are typical of the rest of the Settlement Class, and she can fairly and adequately represent the Settlement Class, the Court appoints Plaintiff Abel as Class Representative for settlement purposes only.

5. Having considered the factors set forth in Fed. R. Civ. P. 23(g)(1) and having found Rachhana T. Srey and Kayla M. Kienzle, of the law firm of Nichols Kaster, PLLP, to be adequate and qualified to represent the Settlement Class, the Court appoints Rachhana T. Srey and Kayla M. Kienzle of Nichols Kaster, PLLP, and their firm as Class Counsel to represent the Settlement Class Members.[1]

6. The Court has conducted a preliminary review of the details of the proposed settlement, including information regarding distribution of the settlement and value, the mechanisms for notifying and paying Settlement Class Members, and the percentage of anticipated recovery. The Court finds, on a preliminary basis, that the Settlement Agreement, along with the plan for the distribution

---

[1] The Settlement Class includes the MN Rule 23 Settlement Class and the FLSA Collective, which consists of "All Plaintiffs who have filed consent forms as of April 21, 2022," as the Court previously conditionally certified the case as a collective action under the FLSA. (See Docket No. 23.)

of the proposed Notice of Settlement (Docket No. 60 Exs. 2-5) to Plaintiffs' Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Settlement Approval and Certification, is fair, reasonable, and adequate, and is likely to obtain final approval following notice to the class members. Specifically, the Court finds that this case involved a bona fide dispute over wages. The Court finds that preliminary approval is warranted because the Class Representative and Class Counsel have adequately represented the class, and the proposed settlement was negotiated at arms-length with the assistance of a respected mediator. The Court further finds that the relief provided is fair and reasonable, taking into account the costs, risks, and delay of trial and appeal, and was reached after the parties conducted discovery. The Court also finds that the proposed method of distribution supports preliminary approval, because it takes into account the claimed individual damages of each Settlement Class Member, and because the proposed attorney's fees, costs, and service payments are likely to be found adequate. The Court finds that the Settlement Agreement, provided to the Court for review, treats Settlement Class Members equitably relative to each other.

7. The Court approves the Notices of Settlement (Docket No. 60 Exs. 2-5) and appoints Class Counsel, Nichols Kaster, PLLP, to distribute the Notice of Settlement and directs that Notice of the Settlement be distributed by U.S. mail and email as set forth in Plaintiffs' Memorandum (Docket No. 59) and in the Settlement Agreement (Docket No. 60 Ex. 1).

8. Within ten days of this Order, Class Counsel will distribute the Notice of Settlement to all Settlement Class Members.

9. Settlement Class Members who do not wish to be included in the settlement can reject their offer and request exclusion by providing written notice to Class Counsel, that includes their (1) legal name, current address, and phone number; (2) the name and number of the lawsuit; and (3) a signed statement clearly stating that they want to be excluded from the settlement. (See Docket No. 60 Exs. 2-3.) All exclusion requests must be mailed to Class Counsel and be received by no later than the sixty-day Notice Response Deadline. Settlement Class Members who do not exclude themselves will be considered a "Settling Plaintiff."

10. Any Minnesota Rule 23 Settlement Class Member who wishes to make an objection must do so by providing written notice to Class Counsel that contains (1) the name and title of the lawsuit; (2) a written statement of objections, in clear and concise terms, and the legal and factual arguments supporting each objection; (3) a statement of whether they will ask to appear at the Final Approval Hearing and how long they will need to present their objections; and (4) copies of any documents they will present at the Final Approval Hearing, if any. All objections must be mailed to Class Counsel and received by no later than the sixty-day Notice Response Deadline.

11. Any Minnesota Rule 23 Settlement Class Member who wishes to speak at the Final Approval Hearing must send written notice of their desire to appear

4

to Class Counsel. The written notice must be received by Class Counsel by no later than the sixty-day Notice Response Deadline.

12. On May 10, 2022, Defendant sent the notice required by the Class Action Fairness Act, 28 U.S.C § 1711, et seq., to the appropriate authorities.

13. The Court will conduct a Final Approval Hearing on September 20, 2022, at 11:00 a.m. in Courtroom 7D of the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

14. Plaintiffs shall file their Motion for Final Settlement Approval on or before September 1, 2022.

15. Class Counsel shall petition the Court for approval of the requested attorney's fees, litigation costs, settlement administration costs, and service payments, and file any motion on or before August 8, 2022.

Date: <u>Thursday, June 9, 2022</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge