# UNITED STATES DISTRICT COURT
## District of Minnesota

Danielle Abel,

        Plaintiff,

v.

Pathway Health Services, Inc.,

        Defendant.

**JUDGMENT IN A CIVIL CASE**

Case Number: 20-cv-1307 (PAM/LIB)

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiffs' Unopposed Motions for an Award of Attorney's Fees, Costs, and Service Payments (Docket No. 69) and for Final Settlement Approval and Certification (Docket No. 75) are **GRANTED**.

2. For the reasons stated in the Court's Preliminary Approval Order, the Court makes final, for the purposes of settlement, certification of the Minnesota ("MN") Rule 23 Settlement Class:

> The MN Rule 23 Settlement Class: All individuals who Defendant's records reflect performed work for Defendant in Minnesota as a nurse consultant or consultant during the applicable statute of limitations period who did not timely opt out of the settlement within the time specified in the Notice of Settlement.

3. Pursuant to 29 U.S.C. § 216(b), for purposes of settlement, the Court finally

certifies the FLSA Collective: All Opt-in Plaintiffs who have filed consent to join forms as of April 21, 2022.

4.  The Court affirms its findings from the Preliminary Approval Order that the settlement reached is fair, reasonable, and adequate. The terms of the Settlement Agreement are incorporated into this Order. Specifically, based on the submissions by Plaintiffs with their Motions for Preliminary and Final Settlement Approval and Certification, and for An Award of Attorney's Fees, Costs, and Service Payments, the Court finds:

   a. That this case involved a bona fide dispute over wages;

   b. That both sides were able to evaluate the strengths and weaknesses of their respective positions through discovery;

   c. That the settlement is the product of extensive, arm's-length negotiations between Counsel, aided by a well-respected mediator over the course of several mediation sessions;

   d. That the Class Representative and Class Counsel have at all times adequately represented the Settlement Class Members;

   e. That the settlement provides adequate relief for Settlement Class Members, taking into account: (1) the merits of Plaintiffs' claims and Defendant's defenses; (2) Defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement; and

   f. That the settlement treats Settlement Class Members equitably

relative to each other.

5. The Court finds that the Notice provided to the Settlement Class Members satisfies the notice requirements of Rule 23 and meets the requirements of due process.

6. There are two members of the MN Rule 23 Settlement Class who excluded themselves from the settlement: Mary Brun and Kathleen Gerdes. These individuals shall have no rights or interests with respect to the settlement, will not be bound by the release, and will not be bound by any offers or judgments entered with respect to the settlement. They are therefore **DISMISSED without prejudice** from this action.

7. The names of the Settling Plaintiffs (those who did not request exclusion) are set forth in Exhibit 2 to the Declaration of Kayla M. Kienzle, submitted with Plaintiffs' Unopposed Motion for Final Settlement Approval. Each Settling Plaintiff will be bound by the respective releases set forth in the Settlement Agreement. They are therefore **DISMISSED with prejudice** from this action.

8. The Court grants Class Counsel's request for an award of attorney's fees in the amount of $229,337.89.[1] The Court has considered the request through the lens of the percentage-of-recovery and lodestar approaches and finds that the requested attorney's fees are in line with the Settlement Agreement and reasonable in light of: (1) the benefit conferred on Settlement Class Members; (2) the risk to which Class Counsel was exposed;

---

[1] This amount accounts for the two MN Rule 23 Settlement Class Members who requested exclusion. Pursuant to the Settlement Agreement, Defendant will retain the settlement payment allocations and the associated pro rata share of attorneys' fees for these two MN Rule 23 Settlement Class Members who requested exclusion. Those allocations total $7,655.32, and the associated pro rata share of attorney's fees totals $3,995.44.

(3) the difficulty and novelty of the legal and factual issues; (4) the skill of the lawyers; (5) the time and labor involved; (6) the reaction of the class; and (7) the comparison between the requested attorney fee percentage and percentages awarded in similar cases. The Court finds that the amount of time spent, and the rates charged by Class Counsel are reasonable.

9. The Court approves of Class Counsel's request for reimbursement for out-of-pocket litigation costs in the amount of $16,595.83 and a contingency/settlement administration fund of $3,000.00 as reasonable.[2]

10. The Court approves Class Counsel's request for service payments for Named Plaintiff Abel in the amount of $8,000.00 and for Opt-in Plaintiff Schoneck in the amount of $1,000.00. The amounts requested are fair and reasonable in light of their efforts and assistance with this case.

11. On May 10, 2022, Defendant sent the notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711, et seq. Defendant represents it did not receive any responses from the authorities to the CAFA notice.

12. As set forth in the Settlement Agreement, within thirty-five days (35) of this Order, Defendant shall deliver the settlement checks for Settling Plaintiffs to Class Counsel, along with the payment for attorney's fees, costs, and the service payments.[3]

---

[2] Of the $3,000.00 contingency/settlement administration fund, $1,259.28 was used to administer and effectuate the settlement. Pursuant to the Settlement Agreement, the remaining $1,740.72 from the contingency/settlement administration fund shall be donated to a legal aid organization(s) of Plaintiffs' Counsel's choice.
[3] Alternatively, Defendant may wire Class Counsel's payment.

13. Class Counsel shall promptly distribute the settlement checks to Settling Plaintiffs. Settling Plaintiffs shall have ninety days (90) from the issuance of the checks to cash them.

14. Any funds actually recovered from uncashed checks or if for any other reason there is a residual amount of the settlement fund remaining after final distribution and the expiration of the check-cashing period, that amount will be donated to a legal aid organization of Plaintiffs' Counsel's choice.

15. The Court orders compliance with the Settlement Agreement in all respects. The Court reserves jurisdiction over all matters arising out of the settlement or the administration of the settlement.

16. This case is **DISMISSED with prejudice**.


Date: 10/12/2022                                        KATE M. FOGARTY, CLERK